J-S60021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADRIAN QUINTANA, JR. | |
| Appellant | No. 3681 EDA 2015 |

Appeal from the PCRA Order November 13, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003664-2009

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.                    **FILED OCTOBER 19, 2016**

Adrian Quintana, Jr., appeals *pro se* from the order entered November 13, 2015, in the Court of Common Pleas of Northumberland County, denying him relief on his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  The PCRA court determined the petition was untimely and Quintana did not attempt to plead or prove any of the statutory timeliness exceptions.  Quintana claims that trial court imposed an illegal sentence.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

As background, we quote from the PCRA court's Pa.R.A.P. 1925(a) opinion, authored by the Honorable James T. Anthony:

_____

[*] Retired Senior Judge assigned to the Superior Court.

Following a jury trial from March 9 to March 10, 2010, [Quintana] was found guilty of two counts of Possession with Intent to Deliver a Controlled Substance (Heroin and Cocaine), two counts of Possession of a Controlled Substance (Heroin and Cocaine) and related offenses. On April 9, 2010, I sentenced [Quintana] to an aggregate term of 9½ to 19 years imprisonment in a State Correctional Institution. [Quintana] filed a direct appeal, and on April 5, 2011, the Superior Court affirmed [Quintana's] sentence. [1] [Quintana] did not file a Petition for Allowance of Appeal in the Supreme Court.

On June 6, 2012, [Quintana] filed his first Post Conviction Collateral Relief (PCRA) petition, and counsel was appointed. Ultimately, on September 19, 2012, I denied [Quintana's] petition without a hearing as being untimely filed. [Quintana] timely appealed. On August 19, 2013, the Superior Court affirmed my order, and on February 28, 2014, the Supreme Court denied a petition for allowance of appeal.[2] On April 28, 2015, [Quintana] filed a second PCRA petition, which is the subject of this appeal. On September 11, 2015, I issued a notice to [Quintana] of my intent to dismiss the petition without a hearing as being untimely filed. The order also indicated my reasons for the denial, namely that [Quintana] did not meet the requirements for any of the exceptions to the PCRA's time limits. [Quintana] did not file a response to my notice, and on November 13, 2015, I dismissed [Quintana's] petition. This appeal followed.

Trial Court Opinion, 2/5/2016, at 1-2 (footnote omitted).

"[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Roane***, 142 A.3d 79, 86

---

[1] ***See Commonwealth v. Quintana***, 29 A.3d 824 (Pa. Super. 2011) (unpublished memorandum).

[2] ***See Commonwealth v. Quintana***, 83 A.3d 1067 (Pa. Super. 2013) (unpublished memorandum), *PAA denied*, 86 A.3d 233 (Pa. 2014).

(Pa. Super. 2016) (citation omitted).  However, before we can address the

merits, we must determine if the petition is timely.

> "[A] court may entertain a challenge to the legality of the
> sentence so long as the court has jurisdiction to hear the claim.
> In the PCRA context, jurisdiction is tied to the filing of a timely
> PCRA petition." [**Commonwealth v. Fowler**, 930 A.2d 586] at
> 592 (quoting **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa.
> Super. 2005) (*en banc* ), *appeal denied,* 591 Pa. 688, 917 A.2d
> 844 (2007)). "Although legality of sentence is always subject to
> review within the PCRA, claims must still first satisfy the PCRA's
> time limits or one of the exceptions thereto." **Fowler**, *supra*.
> Pennsylvania law makes clear no court has jurisdiction to hear
> an untimely PCRA petition. **Commonwealth v. Robinson**, 575
> Pa. 500, 837 A.2d 1157 (2003). Thus, a collateral claim
> regarding the legality of a sentence can be lost for failure to
> raise it in a timely manner under the PCRA. **Commonwealth v.
> Wojtaszek**, 951 A.2d 1169, 1173 n. 9 (Pa. Super. 2008),
> *appeal denied,* 600 Pa. 733, 963 A.2d 470 (2009).

**Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa. Super. 2013).

> Additionally,
>
> The PCRA requires that a PCRA petition, including a second or
> subsequent petition, shall be filed within one year of the date the
> underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1)…
> "The PCRA's timeliness requirements are jurisdictional in nature
> and must be strictly construed; courts may not address the
> merits of the issues raised in a petition if it is not timely filed."
> **Commonwealth v. Abu-Jamal**, 596 Pa. 219, 227, 941 A.2d
> 1263, 1267-68 (2008). There are three statutory exceptions to
> the timeliness provisions that allow for very limited
> circumstances under which the late filing of a PCRA petition will
> be permitted:
>
> > (i) the failure to raise a claim previously was the result of
> > interference by government officials with the presentation
> > of the claim in violation of the Constitution or laws of this
> > Commonwealth or the Constitution of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided [above] shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1), (2).

***Commonwealth v. Chambers***, 35 A.3d 34, 36-37 (Pa. Super. 2011).

Finally, "[i]n order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate [her] claim was raised within the sixty-day time frame under section 9545(b)(2)." ***Commonwealth v. Ward-Green***, 141 A.3d 527, 532 (Pa. Super. 2016) (citation omitted).

Here, Quintana's judgment of sentence became final May 5, 2011, thirty days after this Court affirmed his judgment of sentence and the time for filing a petition for allowance of appeal with our Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). Accordingly, Quintana had until May 7, 2012 to file a PCRA petition, including a second or subsequent petition. Quintana's first PCRA petition was filed on June 6, 2012 and was determined to be untimely by both the PCRA court and a panel of this Court. This petition, Quintana's second, was filed on April 28, 2015 and is clearly, facially untimely. Quintana neither has pled nor proven his entitlement to

- 4 -

any of the three timeliness exceptions provided by statute, despite having been specifically informed of the untimely nature of his petition. Moreover, Quintana must have been aware of the consequences of a failure to plead or prove a timeliness exception given the disposition of his first PCRA petition, in that this Court previously held: "Further, Quintana has not explicitly pled or proven any of the exceptions to the PCRA's timeliness exceptions. Accordingly, the instant PCRA petition was properly dismissed as untimely." *Quintana*, 83 A.3d 1067 (Pa. Super. 2013) (unpublished memorandum at 4) (citations omitted).

Nonetheless, we acknowledge that Quintana's petition is a claim of illegal sentence based on the United States Supreme Court decision, *Alleyne v. United States*, 133 S.Ct. 2151 (2013). *Alleyne* was decided on June 17, 2013. However, Quintana's previous appeal was still pending at that time. Accordingly, he had sixty day from the resolution of his pending appeal to file a claim based on *Alleyne*. *See* 42 Pa.C.S. 9545(b)(1)(iii), (2); *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000) (Subsequent PCRA petition must be filed within 60 days of date of order resolving pending appeal). As noted above, Quintana's prior appeal terminated by order of our Supreme Court on February 28, 2014. Therefore, Quintana had until April 29, 2014 to file this claim. He did not file this petition until April 28, 2015 – twelve months too late. Further, the holding of *Alleyne* is not entitled to retroactive application. *See Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016) (no retroactive application of *Alleyne* on collateral appeal);

***Thomas v. Reyes***, 755 F.3d 710 (3d Cir. 2014) (no retroactive application of ***Alleyne***).

Based on the above, the PCRA court committed no abuse of discretion or error of law in denying Quintana's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016